GRAND JURY PROCEEDINGS
UNDER SEAL

RECEIVED

AUG 0 3 1998

**RECEIVED**

AUG 0 3 1998

CHAMBERS OF
CHIEF JUDGE
JOHNSON

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REDACTED VERSION

| IN RE: GRAND JURY PROCEEDINGS. | ) ) ) | Misc. No. 98-278 |

### EMERGENCY MOTION OF LANNY A. BREUER TO STAY SUBPOENA

Lanny A. Breuer, Special Counsel to the President of the United States, respectfully moves for an order staying a subpoena issued by the Office of Independent Counsel (OIC) on July 31, 1998, requiring Mr. Breuer to testify before the grand jury on August 4, 1998. Mr. Breuer seeks this stay pending resolution by the Court of Appeals (and the Supreme Court, if necessary) of an emergency motion filed today by the Office of the President seeking a stay of subpoenas to members of the Office of the Counsel to the President pending a decision on an expedited petition for certiorari from the judgment of the Court of Appeals in *In re Lindsey*, No. 98-3060, 1998 WL 418780 (D.C. Cir. July 27, 1998).

The instant motion is being filed as a protective step in the event the Court of Appeals does not act on, or does not reach the merits of, the motion filed by the Office of the President prior to Mr. Breuer's scheduled appearance at 10:00 a.m. on August 4, 1998. The OIC has refused to agree to

1

- 2 -

continue Mr. Breuer's appearance pending resolution of the
stay being sought by the Office of the President.

In further support of this motion, the Court is
referred to the memorandum of points and authorities filed
herewith.

Respectfully submitted,

Mark H. Lynch
D.C. Bar No. 193110
Robert D. Wick
D.C. Bar No. 440817
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-7566
Telephone: 202-662-6000

Counsel for Lanny A. Breuer

GRAND JURY PROCEEDINGS
UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| IN RE: GRAND JURY PROCEEDINGS. | ) | Misc. No. |
| | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EMERGENCY MOTION OF LANNY A. BREUER TO STAY SUBPOENA

Lanny A. Breuer, Special Counsel to the President of
the United States, respectfully requests a stay of the
subpoena issued on July 31, 1998, that requires him to appear
before the grand jury on August 4, 1998.

Mr. Breuer seeks this
stay to enable the Court of Appeals (and the Supreme Court, if
necessary) to act on an emergency motion filed today by the
Office of the President in the wake of last week's decision in
*In re Lindsey*, No. 98-3060, 1998 WL 418780 (D.C. Cir. July 27,
1998).

That motion seeks an
order from the Court of Appeals barring the Office of
Independent Counsel (OIC) from calling members of the Office
of the Counsel to the President before the grand jury pending
the resolution of an expedited petition for certiorari of the
judgment in *In re Lindsey*.

- 2 -

## PROCEDURAL HISTORY

1.   In January 1998, upon expansion of the
jurisdiction of the OIC, a federal grand jury in Washington,
D.C. began investigating "whether Monica Lewinsky or others
suborned perjury, obstructed justice, intimidated witnesses,
or otherwise violated federal law[.]" *In re Motions of Dow
Jones & Co., Inc.*, 142 F.3d 496, 497, 498 (D.C. Cir. 1998)
(quoting Independent Counsel's jurisdictional grant), pet. for
cert. filed sub nom. *Dow Jones & Co., Inc.* v. *Clinton*, 66
U.S.L.W. 3790 (U.S. June 3, 1998) (no. 97-1959).

2.   On January 30, 1998, the OIC subpoenaed Bruce
R. Lindsey, Deputy Counsel and Assistant to the President, to
testify before the grand jury.  Mr. Lindsey appeared before
the grand jury on three occasions in February and March, 1998.
When asked questions concerning his confidential communica-
tions with the President in the course of his official duties
as Deputy White House Counsel, Mr. Lindsey invoked the
governmental attorney-client privilege.  The OIC moved to
compel Mr. Lindsey to disclose these privileged communications
with the President.  The Office of the President, as holder of
the governmental attorney-client privilege at issue, opposed
the OIC's motion to compel.

3.   On May 4, 1998, this Court granted the OIC's
motion to compel Mr. Lindsey to testify.  *See In re Grand Jury
Proceedings*, Misc. No. 98-95, 1998 WL 271539 (D.D.C. May 27,

- 3 -

1998). 1/

The Office of the
President appealed the Court's decision  of May 4, 1998

        4.   On May 28, 1998, before the Court of Appeals
could fix a briefing schedule, the OIC petitioned the Supreme
Court to review this Court's decision before judgment in the
court of appeals.  The Court denied certiorari.  *United States
v. Clinton*, 118 S. Ct. 2079 (1998).  The Court stated that it
assumed that the Court of Appeals would decide the case
expeditiously.  *Id*. at 2080.  Upon denial of the OIC's
petition, the Court of Appeals fixed an expedited briefing and
argument schedule.  Argument was held on June 29, 1998.

        5.   On July 27, 1998, a sharply divided panel of
the Court of Appeals affirmed this Court's ruling granting the
motion to compel and, indeed, significantly expanded that
ruling in favor of the OIC.  *In re Lindsey*, No. 98-3060, 1998
WL 418780 (D.C. Cir. July 27, 1998) (*per curiam*, 2-1 decision,
Judges Randolph and Rogers in the majority, Judge Tatel in
dissent).  The panel majority ruled as follows:

--------

1/    The district court's decision of May 4, 1998 was issued
under seal.  A redacted version was released to the public on
May 27, 1998.

- 4 -

> When government attorneys learn, through
> communications with their clients, of
> information related to criminal misconduct,
> they may not rely on the government attorney-
> client privilege to shield such information
> from disclosure to a grand jury.

1998 WL 418780 at *14.

6.   The panel majority directed that a petition for rehearing or a suggestion for rehearing *en banc* must be submitted no later than August 3, 1998. *Id.*  The Office of the President has decided not to file a rehearing petition, and instead to file a petition for certiorari on an expedited schedule.

7.   On July 31, 1998, the OIC issued a subpoena to Mr. Breuer requiring his appearance before the grand jury on August 4, 1998.  We expect the OIC to question Mr. Breuer about confidential communications with the President that occurred during the course of Mr. Breuer's rendition of legal advice.

8.   Today, August 3, 1998, the Office of the President moved the Court of Appeals, pursuant to 28 U.S.C. § 2101(f) and Fed. R. App. P. 41(b), to stay its mandate and to issue an order under the All Writs Act staying subpoenas to members of the Office of the Counsel to the President, pending the Supreme Court's decision on the White House's expedited petition for certiorari.

- 5 -

## REASONS FOR GRANTING THE STAY

1.

the
*Lindsey* decision and the dissent thereto present a substantial
question of overriding importance that is likely to be
reviewed by the Supreme Court: whether the President of the
United States may be stripped of the right to confer in
confidence with attorneys in the White House Counsel's Office
on official matters. Before the President is denied that
important right, he, like all other litigants, deserves the
opportunity to seek Supreme Court review of his claim. The
instant motion to stay the subpoena to Special Counsel Breuer
merely seeks to preserve the opportunity for orderly Supreme
Court review of that issue. The alternative to a stay would
be a series of question-by-question objections by Mr. Breuer,
followed by a motion to compel that would require relitigation
of the same issues that have been litigated in *Lindsey*. Until
the Supreme Court either reviews *Lindsey* or declines to review
it, questioning of Mr. Breuer and repeat litigation of the
*Lindsey* issues would be wasteful of the resources of the
courts, the OIC and the Office of the Counsel to the
President.

2. If Mr. Breuer were required to testify prior to
final resolution of *Lindsey* by the Supreme Court, the Office
of the President would be irreparably harmed by the

irrevocable loss of its confidences.  *See In Re Perrigo Co.*,
128 F.3d 430, 437 (6th Cir. 1997) ("We find, as have several
courts, that forced disclosure of privileged material may
bring about irreparable harm").  This harm would not be
remedied if, after a Supreme Court decision sustaining
Mr. Lindsey's privilege claim, the OIC were ordered not to use
the privileged information obtained from Mr. Breuer as
evidence.  At that point, the OIC lawyers would already know
privileged information they had no right to discover, and
nothing could purge that knowledge from their minds.  *See*
*Maness* v. *Meyers*, 419 U.S. 449, 460 (1975) (where witness is
ordered to divulge information protected by the 5th amendment,
"[c]ompliance could cause irreparable injury because appellate
courts cannot always 'unring the bell' once the information
has been released.  Subsequent appellate vindication does not
necessarily have its ordinary consequence of totally repairing
the error."); *Wichita Land & Cattle Co*. v. *American Federal*
*Bank,* 148 F.R.D. 456, 459 (D.D.C. 1992) (finding inadvertent
disclosure a waiver in part because "[t]his information cannot
be expunged from defendants' minds by an order from the this
court denying production"); *D.C. Bar Ethics Op. No. 256* (June
1995) ("Once confidential material has been examined even if
briefly, the information cannot be purged from the mind of the
attorney who inadvertently received it.") (quoting Ohio Ethics
opinion).

- 7 -

3.    The OIC's need to question Mr. Breuer appears
to be less pressing following the agreement of the President
to provide testimony to the grand jury.  Prior to that
voluntary agreement, there was a substantial constitutional
issue whether the President could be compelled to give
testimony, and accordingly the OIC's interest in collateral
witnesses such as Mr. Breuer was understandably greater.  But
now that the President is available to testify, there appears
to be little need to require testimony from one of his
attorneys.  In other words, prior to the President's agreement
to give testimony, this was an exceptional case in that the
client was arguably unavailable as a witness and the lawyer
might be the only available source of evidence about the
client.  But now that the client is available, this case is a
conventional one (at least in this limited respect) where
attorneys are not ordinarily questioned about their work for
their clients.

4.    We recognize that in *Rubin* v. *United States*,
No. A-53, 1998 WL 396648 (U.S., July 17, 1998), the Chief
Justice denied an application to stay subpoenas to Secret
Service agents, pending the filing and disposition of a
petition for certiorari from the judgment in *In re Sealed
Case*, No. 98-3069, 1998 WL 370584 (D.C. Cir. July 7, 1998)
(holding that there is no protective-function privilege).  The
Chief Justice reached that result because he concluded that,
assuming *certiorari* was granted, there was no likelihood that

the Supreme Court would reverse the judgment of the Court of Appeals.  The decision in *Rubin* does not, however, mean that the Court of Appeals (or the Supreme Court) will deny the motion for a stay of subpoenas to the Office of the Counsel to the President.

The issues raised by *Lindsey* are very different from the issues raised by the Secret Service decision.  In that matter, the Secretary of the Treasury advanced a novel privilege that was unanimously rejected by the Court of Appeals, and no member of the Court voted for rehearing <u>en banc</u>.  *Lindsey*, by contrast, involves the application, in the unique context of the Office of the Counsel to the President, of "one of the oldest recognized privileges in the law."  *Swidler & Berlin* v. *United States*, 118 S. Ct. 2081 (1998).  Moreover, as demonstrated by Judge Tatel's dissent and as further explained in            *Lindsey* is a difficult case that realistically could be resolved differently by the Supreme Court.  In this regard, *Lindsey* is more like *Swidler & Berlin*, where the Supreme Court rejected the position of the OIC, reversed the judgment of the Court of Appeals (from which Judge Tatel also dissented) and held that the attorney-client privilege survives the death of the client.  In short, the Supreme Court is much more likely to review questions involving application of the long-recognized attorney-client privilege than an unprecedented assertion of a new privilege.

Accordingly, the denial of the stay of subpoenas in the Secret Service case is not persuasive precedent for the instant case.

## CONCLUSION

For the reasons stated above, the instant motion should be granted, and the subpoena to Mr. Breuer should be stayed pending disposition of the motion filed by the Office of the President seeking a stay of subpoenas to members of the Office of Counsel to the President.

Respectfully submitted,

Mark H. Lynch
D.C. Bar No. 193110
Robert D. Wick
D.C. Bar No. 440817
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-7566
Telephone: 202-662-6000

Counsel for Lanny A. Breuer